No. 22.—WM. H. MAY, plaintiff in error, *vs.* SAMUEL DAWSON, defendant in error.

[1.] A schedule filed by an insolvent debtor is amendable, provided, he will show to the satisfaction of the Court, by affidavit, or otherwise, that the omission arose from ignorance, inadvertence, mistake, or from inability at the time to make it more perfect. He must amend *instanter*, however, and will not be permitted by doing so, to hinder or delay the creditor.

*Ca. Sa.* in Bibb Superior Court. Motion to continue. Decided by Judge POWERS. May Term, 1852.

Samuel Dawson having been arrested by virtue of a *ca. sa.* in favor of Wm. H. May & Co. gave bond and security to appear and take the insolvent debtor's oath, and gave plaintiffs notice, and filed for his schedule the following paper :

WILLIAM H. MAY & Co.  
*vs.*     *Ca. Sa. and arrest, in Bibb Superior Court.*  
SAMUEL DAWSON.

The defendant in the above cause has no property of any kind or interest, except an unsettled cotton account, with Charles Hartridge and E. & R. R. Graves.

10th June, 1850.

At the term of the Court to which the *ca. sa.* was returnable, the plaintiff objected to the schedule. The Court sustained the objection, on the ground that it was " vague, incomplete, and in law, not sufficient." The defendant then moved to continue the case, " in order to amend his schedule so as to show, that upon a final settlement of the said ' cotton accounts,' his interest or share of the profits was nothing, but on the contrary resulted in a loss." The defendant also stated " that when he filed his schedule, he was advised by counsel that he could amend his schedule after the cotton alluded to should have been disposed of."

The Court granted the continuance, and counsel for plaintiffs excepted.

RUTHERFORD, for plaintiff in error.

WHITTLE & HINES, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The defendant in error was an applicant for the benefit of the Insolvent Debtor's Act. The following is the schedule filed by him under the Statute: "The defendant has no property of any kind or interest, except an unsettled cotton account with Charles Hartridge and G. & R. R. Graves."

He moved the Court to be allowed to take the oath prescri-

bed for honest debtors. The application was resisted, on the ground that the schedule was too vague and indefinite, and was not a compliance with either the letter or spirit of the Act. The defendant then moved the Court to continue the case, for the purpose of enabling him to show that upon a final settlement of the cotton account, referred to in his schedule, his interest was nothing—the investment having resulted in a loss, instead of a profit. He further showed that when he filed his original schedule, he was advised by his counsel that he could amend the same after the cotton transaction had been finally settled.

The Court granted the continuance, and counsel for the creditors excepted.

We do not doubt but that the schedule filed by an insolvent debtor is amendable, provided, he will show by affidavit or otherwise, to the satisfaction of the Court, that the omission arose from ignorance, inadvertence, mistake, or from inability at the time to make it more perfect. He must amend *instanter*, however, and will not be permitted by doing so, to hinder or delay the other party.

Had the defendant set out fully in the first instance, in his schedule, which is little better than a piece of blank paper, what his interest was in the cotton, to which he alludes, it would have been sufficient; or had he done this at the hearing, when it appears from his own showing that the business was wound up, it would have sufficed, And it was not incumbent on him to prove that it resulted unprofitably. This the creditor could have looked after, had he seen fit to do so. And yet it would seem from the record that this was the only reason for asking a continuance.

The original schedule was no compliance with the law; and all he could ask was to be allowed, at the hearing to perfect it. Every man is presumed to be acquainted with his business, well enough at least, as to exhibit such a statement as will satisfy the requisites of the Statute. He is not expected or required to do impossibilities. He is only to state the facts of the case as full and complete as the nature of the thing will permit.

While, therefore, we are extremely reluctant to curtail or control the discretion of the Court, unless where it has been most capriciously exercised, yet, believing this to be a most important point of practice, and that the ends of justice are involved· in its correct adjudication, we must say that the Court erred in giving the defendant a lien for the purposes set forth in the record. The interest of the debtor, as well as of the creditor-class, is opposed to needless delay in these proceedings. Securities, seeing that the term of their liability may be thus protracted, will be more unwilling to become the bondsman of the debtor.

Judgment reversed.